# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MELISSA COREY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 20-03320-CV-S-BP-SSA |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for supplemental security income ("SSI"). For the following reasons, the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

Plaintiff Melissa Corey was born on June 29, 1970, and has a high school degree and some college education. (R. at 63.) On July 17, 2018, Plaintiff filed an application for SSI, alleging that she became disabled on January 16, 2018. (R. at 145.) Prior to her alleged onset date, Plaintiff had worked as a stock clerk, psychiatric aide, and home attendant. (R. at 20.)

After holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff suffers from degenerative disc disease, diabetes mellitus, chronic kidney disease, tenosynovitis of the left hand, hypertension, depression, and generalized anxiety disorder. (R. at 10.) However, the ALJ found that these impairments were not medically equal in severity to one of the listed impairments in 20 C.F.R. Part 404. (R. at 12.) The ALJ then turned to Plaintiff's Residual Functional Capacity

---

[1] Kilolo Kijakazi was appointed Acting Commissioner of Social Security during the pendency of this case and is automatically substituted as the Defendant pursuant to FED. R. CIV. P. 25(d).

("RFC"). The ALJ found that Plaintiff could perform sedentary work with both physical and mental limitations. (R. at 14–15.) As relevant here, the ALJ limited Plaintiff to performing only "simple, routine, and repetitive tasks [with] simple decision-making; no interaction with the public; and no more than occasional interaction with co-workers and supervisors." (R. at 15.)

In light of these limitations, the ALJ found that Plaintiff could not return to her past work, (R. at 20), but could work at several jobs that exist in significant numbers in the national economy, including as a general assembler, document preparer, and addresser. (R. at 21.) Consequently, the ALJ found that Plaintiff was not disabled. (*Id*.)

Plaintiff has now appealed the ALJ's determination that she was not disabled, arguing that it was not supported by substantial evidence. The Commissioner opposes Plaintiff's appeal. The Court resolves these issues below.

## II. DISCUSSION

The Court has a limited ability to revisit the conclusions of an ALJ. Specifically, "review of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Although the substantial evidence standard is favorable to the Commissioner, it requires the Court to consider evidence that fairly detracts from the Commissioner's decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). But if the Court finds substantial evidence to support the Commissioner's decision, it cannot reverse the decision simply because there is also substantial evidence that might have supported the opposite outcome. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). With these principles in mind,

the Court addresses each of Plaintiff's arguments in turn to determine whether they show that the Commissioner's decision was not supported by substantial evidence.

1. **Plaintiff's Mental Limitations**

Plaintiff's first argument is that the ALJ failed to explain why he did not include certain limitations in the mental portion of her RFC. (Doc. 15, p. 10.) One source of these alleged limitations is a medical source statement by Deborah Sheehan, D.O., one of Plaintiff's treating physicians. (R. at 2788–89.) Dr. Sheehan opined in October 2019 that Plaintiff would have approximately three "bad days" per month that would cause her to miss work, and would be off-task approximately 20% of the time when she was working. (*Id.*) The ALJ found Dr. Sheehan's statement "generally persuasive" due to her "significant treatment relationship" with Plaintiff, and because Dr. Sheehan's opinions were "consistent with [Plaintiff's] limited and conservative psychiatric treatment and largely normal mental status examinations." (R. at 19.)

Plaintiff argues that the ALJ erred in failing to include a limitation in Plaintiff's RFC that she would have to miss several days per month and be off-task a significant percentage of her time at work. (Doc. 15, pp. 12–13.) The Court disagrees. The fact that an ALJ finds a medical opinion persuasive does not require him to adopt every part of that opinion. 20 C.F.R. §§ 404.1520c, 416.920c. And there is ample evidence in the Record to support the ALJ's conclusion that Plaintiff has no significant limitations on her ability to attend work or remain on-task during the day, including a medical evaluation by J. Edd Bucklew, Ph.D., who opined that Plaintiff's generalized anxiety and depression imposed no limits on her ability to adapt or manage herself, and only "mild" limitations on her ability to concentrate, persist, or maintain pace. (R. at 101.) Moreover, the ALJ cited ample evidence from Plaintiff's various medical examinations showing that her mental health symptoms were mild and did not significantly limit her activities. (*E.g.*, R. at 291 (Plaintiff's mood

and affect "are normal"), 345 (Plaintiff "has a normal mood and affect"), 1594 (Dr. Sheehan finds Plaintiff's mood, behavior, and "[t]hought content normal").)

Thus, at most, Plaintiff has pointed to conflicting evidence in the record. And "[i]f, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009) (citation omitted).

**2. Plaintiff's Subjective Reports**

Plaintiff next argues that the ALJ erred in failing to account for Plaintiff's subjective reports as to her chronic back and neck pain. (Doc. 15, p. 15.) At the hearing, Plaintiff testified that she was often exhausted, can no longer prepare meals for herself or perform chores, struggles to lift groceries, (R. at 75–77), and she also wrote that she struggles to sit or stand for long periods of time due to her pain. (R. at 186.) The ALJ found that Plaintiff's reports of the severity of her symptoms were not entirely consistent with the medical evidence in the record. (R. at 16.)

When an ALJ considers a claimant's reported symptoms, the ALJ must assess whether those symptoms are as limiting as the claimant asserts in light of the objective medical evidence and the claimant's daily activities. Social Security Ruling (SSR) 16-3p. An ALJ may discount a claimant's assertion of disabling pain "if the evidence as a whole is inconsistent with the claimant's testimony." *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015).

Here, as Defendant argues, the ALJ cited ample evidence supporting his conclusion that Plaintiff's pain was not disabling. Examining the medical evidence, the ALJ cited several physical examinations indicating that Plaintiff's posture, gait, motor strength, and range of motion were either normal or at most mildly impaired. (*E.g.,* R. at 291 (normal posture and gait), 336–37 (same), 364 (same).) Regarding Plaintiff's daily activities, the ALJ pointed out that Plaintiff

4

reported regularly shopping for three to four hours at a time, (R. at 186), and the evidence also indicates that she does the laundry and prepares simple meals for herself. (R. at 76.) Once again, Plaintiff points to other evidence that could support a finding that she was disabled, but because substantial evidence supported the ALJ's finding, this is not enough to warrant reversal. *Heino*, 578 F.3d at 879 (8th Cir. 2009).

### III. CONCLUSION

For the foregoing reasons, the Court finds that substantial evidence supports the ALJ's determination of Plaintiff's RFC. Consequently, the Commissioner's final decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATE**: October 25, 2021

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT